IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JARED ALLEN,** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 17-00222-KD-MU |
| | ) | |
| **UNCLE JOHN HOLDINGS, LLC,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the motion for summary judgment filed by Defendants Momentum Engineering, Inc. and Momentum GOM, Inc.; Plaintiffs Jared Allen, Justin Allen, James Hayes, Jason Keezer, Michael Lunsford, and Sanjay Ramachandran response; and Defendants' reply; and Plaintiffs' motion to strike and Defendants' reply (docs. 52, 56-59).

Upon consideration and for the reasons set forth herein:

1) The motion for summary judgment is **GRANTED** in favor of Momentum Engineering, Inc. and Momentum GOM, Inc. as to the Claim for Unpaid Overtime (Count II). Accordingly, Count II is dismissed as to these Defendants;

2) The motion for summary judgment is **GRANTED** in favor of Momentum Engineering, Inc. as to the Claim for Earned Wages (Count I) and the Claim for Breach of Contract and Loss of Earnings (Count III); and

3) Plaintiffs' motion to strike is **DENIED.**

I. Count I - Motion for summary judgment as to Plaintiffs' claims for wages earned

    A.  Factual and procedural background[1]

---

[1] "Although the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case, 'our analysis ... must begin with a description of the facts in the light most favorable to the plaintiff, and our decision must accept those facts." Feliciano v. City of Miami (Continued)

The M/V Uncle John was purchased at bankruptcy auction by James Larsen. He paid the deposit and then, as the sole member, formed Uncle John Holding LLC. Title to the vessel was transferred to the LLC. Another investor, Brian Chang, financed the balance of the purchase price. Thirty days later, a Chang entity became the 100 per cent owner/member of Uncle John Holding LLC (doc. 52-1, p. 4-9, Larsen deposition).

On December 7, 2015, Larsen and Momentum Far East Pte Ltd entered into an agreement with Uncle John Holding whereby Larsen and Momentum Far East, "collectively known as 'Momentum'" were "appointed as broker for Uncle John to facilitate the successful charterparty or sale of the vessel" (doc. 52-1, p. 7, Larsen deposition; doc. 52-2, p. 3, Contract). Per the December agreement, "Momentum" would receive 50% of the profits of the sale or transaction of a charterparty, less expenses and disbursements (doc. 52-2, pp. 2, 5). This arrangement contemplated that Uncle John Holding, LLC would incur expenses and make disbursements on behalf of the vessel. Id.

The December agreement also listed Momentum Engineering, LLC as a party, but the name is stricken on the copy filed with the court. And, when Larsen signed the December agreement, it appears he struck Momentum Engineering, LLC off the signature page, indicating that he was not signing on behalf of Momentum Engineering, LLC. Larsen and another individual, Abdullah, were co-members of Momentum Engineering. According to Larsen, Abdullah and Momentum Engineering were not involved in the purchase of the vessel or the work performed on the vessel (doc 52, p. 4; doc. 57-1, p. 2-3).

---

Beach, 707 F.3d 1244, 1247 (11th Cir. 2013) (citation omitted).

Larsen formed Momentum GOM, Inc. in 2016 to deal specifically with the M/V Uncle John and then substituted it for Momentum Far East as a party to the December agreement (doc. 52-1, p. 2, Larsen deposition).[2] Larsen is the sole shareholder of Momentum GOM (Id.).

In the December agreement, the parties agreed to certain procedures regarding work or services to be carried out on the vessel (doc. 52-2, p. 3). As part of the work to get the vessel in working condition, the saturation dive system needed to be certified. Larsen acted as the "vessel owner's representative in relation to work done on the SAT system…." (doc. 52-1, p. 10). To accomplish this task, Larsen's company Momentum GOM entered into a consultant contract with William Bishop (doc. 52-1, p. 2).

Bishop then hired the Plaintiffs and supervised the work on the saturation dive system on the vessel (doc. 52, p. 4; doc. 52-1, p. 2, 12, Larsen deposition). Bishop also assisted the Plaintiffs in submitting an invoice for the work performed (doc. 57-2, p. 3, Bishop deposition). These invoices were were addressed to "Momentum Engineering" (doc. 56-1, Invoices).

Momentum GOM and Larsen do not dispute that the Plaintiffs worked on the saturation dive system or the amount of money owed to the Plaintiffs (doc. 52, p. 4). However, Larsen testified at deposition that he expected Uncle John Holding, as the owner of the vessel, to pay Bishop and the Plaintiffs for their work (doc. 52-1, p. 12).

B. Conclusions of Law

1. Standard of Review

---

[2] The December agreement states that the "Parties agree that a nominated entity legally associated to [James C. Larsen] may replace MEL and MFEPT in brokering a sale or charter for the Vessel and that it will fulfil all terms and obligations thereunder. Such entity must be made known to Uncle John prior to contract execution for a sale or charter of the Vessel in writing." (doc. 52-2, p. 2).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (Dec. 2010). Defendants, as the parties seeking summary judgment bear "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (the party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). In deciding whether the Defendants have met their initial burden, the Court must review the record and draw all reasonable inferences therefrom in a light most favorable to Plaintiffs, as the non-moving parties. See Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).

Once Defendants meet this responsibility, the burden shifts to Plaintiffs, as the non-movants, to show the existence of a genuine issue of material fact that would preclude summary judgment. See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "In reviewing whether the [non-movants have met their] burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movants is to be believed, and all justifiable inferences are to be drawn in [their] favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) ((bracketed text added). However, Defendants would be entitled to summary judgment if Plaintiffs fail "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof.'" In re Walker, 48 F. 3d 1161, 1163 (11th Cir. 1995) (quoting Celotex Corp., 477 U.S. at 323, 106 S. Ct. at

2552) (bracketed text added). Overall, the Court must "resolve all issues of material fact in favor of the [Plaintiffs], and then determine the legal question of whether [Defendants are] entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) (citing Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003)) (bracketed text added).

The mere existence of any factual dispute will not automatically require denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted).

2. Analysis

In Count I, Plaintiffs bring their admiralty and maritime claims for earned wages against Uncle John Holding, Blue Capital PTE Ltd, Momentum Engineering,[3] and Momentum GOM.[4] Momentum Engineering moves for summary judgment as to Count I.

Momentum Engineering argues that it should be dismissed "because it has no involvement whatsoever with the work on the" M/V Uncle John" and that "[t]here is no evidence tying" it to the work performed by the Plaintiffs (doc. 52, p. 10). Momentum Engineering points out that it was not

---

[3] Momentum Engineering, Inc. notes that the correct title of the entity is Momentum Engineering, LLC (doc. 52, p. 1).

[4] Defendants assert that Plaintiff Bishop, the Marine and Diving Superintendent, claims only breach of contract against Momentum GOM and that this motion for summary judgment does not address his claim (doc. 22, p. 1, n. 2).

5

a party to the December agreement between Larsen/Momentum GOM and Uncle John Holding. Nor was Momentum Engineering a party to the consultant contract with Bishop.

Plaintiffs argue that Momentum Engineering has failed to provide sufficient evidence to establish the absence of a genuine issue of fact as to its possible liability for the unpaid wages. Plaintiffs state that Larsen's testimony that Momentum Engineering was not involved in the purchase of the vessel, even if true, "does not foreclose all possible ways that [Momentum Engineering] could be responsible for the wages" (doc. 56, p. 3). In support, Plaintiffs rely on the December agreement and the invoices submitted by the Plaintiffs for work performed on the vessel.

First, Plaintiffs argue that the December agreement between Larsen, Momentum GOM and Uncle John Holding creates an issue of fact. Plaintiffs point out that

> While it appears that someone struck through some references to [Momentum Engineering] in the contract, there is no evidence who made those marks, when they were made or that there was any mutual agreement to alter the terms of the printed contract. In fact, if one compares the signatures on the last page of the contract to the initials where reference to [Momentum Engineering] has been stricken, it appears that no one from Uncle John, LLC acknowledged the strike marks and only Mr. Larsen initialed his assent to the changes. The strikes could have been made by Larsen after the subject deal fell apart, well after the formation of the contract in 2015. If the fact finder were to determine that this is true, then [Momentum Engineering] was a representative of the Uncle John to the same extent Larsen admits he was as a result of the contract.

(Doc. 56, p. 3).

The Plaintiffs merely speculate that the strikes were made after the December agreement was signed; they put forth no proof of the same. Moreover, whether Momentum Engineering was a possible beneficiary and/or representative under the December agreement appears to be irrelevant. The issue is whether Momentum Engineering is liable to Plaintiffs for unpaid wages. There is no evidence that Momentum Engineering entered into any contract with Plaintiffs or that Momentum Engineering ever authorized any other person or entity to enter into any contract with Plaintiffs.

6

The evidence is that Momentum GOM entered into the December agreement that provided for work to be performed on the vessel's SAT system.

Additionally, Plaintiffs point out that their work invoices were sent by their supervisor Bishop to Larsen (doc. 56-2, p. 2, Bishop deposition) and that the invoices were issued to Momentum Engineering (doc. 56-1, invoices). Plaintiffs assert, without citing any evidence, that Larsen and Momentum Engineering did not object to the billing and or inform anyone that the wrong company was billed. Plaintiffs also argue that they expected payment from Momentum Engineering, but provide no basis for this assertion.

Plaintiffs' four and half page response which cites to no evidence is simply insufficient to meet their burden to establish a genuine issue of material fact that Momentum Engineering is responsible for Plaintiffs' unpaid wages. Accordingly Momentum Engineering's motion is **GRANTED**.[5]

II. Stipulation for dismissal of Count II

In Count II, Plaintiffs Allen, Allen, Hayes, Keezer, Lunsford, and Ramachandran allege claims for unpaid overtime under the Fair Labor Standards Act (doc. 1, p. 5). Defendant Momentum Engineering now moves for summary judgment on basis that it was not involved with the work on the M/V Uncle John and therefore was not an employer under the FLSA (doc. 52, p. 10). Defendant Momentum GOM moves on basis that Plaintiffs are independent contractors who do not qualify as employees under the FLSA (doc. 52, p. 10).

---

[5] Momentum Engineering indicates that it is not named in Count III. However, Count III alleges "a cause of action against the Defendants" (doc. 1, p. 6). To the extent Momentum Engineering is included in Count III, the Court grants summary judgment in favor of Momentum Engineering because there is no evidence to hold Momentum Engineering liable for the alleged breach of contract between Momentum GOM and Bishop.

In response, Plaintiffs stipulate to dismissal of Count II (doc. 56, p. 1).

The stipulation was made in response to a motion for summary judgment filed by two of four Defendants. Thus, Plaintiffs' stipulation is unclear as to whether they stipulate or concede to dismissal of Count II as to all Defendants or only the two movants herein. However, in view of their stated intent to dismiss their FLSA claims,[6] at least as to the Momentum Defendants, partial summary judgment is **GRANTED** in favor of Momentum Engineering and Momentum GOM with regard to Count II.

III. Motion to strike

Plaintiffs move the Court to strike Defendants' Exhibits B and C because they were not filed with the motion for summary judgment, but instead filed with the reply. Exhibit B consists of James Larsen's deposition pages 54-61 and Exhibit C consists of William Bishop's deposition pages 30-33, 102-109, and 118-121. Plaintiffs point out that Civil Local Rules 7[7] and 56(a)[8] "require that all evidence relied upon by a movant be filed with its motion" (doc. 58, p. 1). Plaintiffs also "pointed out" Defendants failure in their response (doc. 56, p. 3, n. 1).

---

[6] In this circuit, plaintiffs generally may not stipulate to the dismissal of a count in a complaint. Instead, plaintiffs should amend the complaint and eliminate the count. Campbell v. Altec Indus., Inc., 605 F.3d 839, 841, n.1 (11th Cir. 2010) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)[]").

[7] "(b) Movants Supporting Materials. . . . Absent Court order otherwise, any brief, exhibit, or other supporting paper must be filed contemporaneously with the motion." S.D. Ala. Civil L.R. 7(b).

[8] "(a) Movant's Supporting Materials. The movant must file a brief that includes: (1) all facts relied upon, each supported by a specific, pinpoint citation to the record; and (2) argument supported by legal authority as appropriate. The movant must also file all evidence relied upon. . . ." S.D. Ala. Civil L.R. 56(a).

Defendants argue that the motion to strike should be denied. They point out that the deposition pages were cited in their motion for summary judgment but were not submitted due to clerical error. Alternatively, Defendants move the Court for leave to file Exhibits B and C out of time (doc. 59).

Rule 12(f) of the Federal Rules of Civil Procedure is captioned "Motion to Strike". The Rule states as follows:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> > (1) on its own; or
> >
> > (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Arguably, a motion to strike is not the correct procedure. A motion for summary judgment and reply are not "pleadings" and the deposition pages Plaintiffs seek to strike are not "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Id.).

The Court may construe the motion as a motion to exclude evidence from the Court's consideration based on untimely submission to the Court. Rule 37(c)(1) applies when exhibits were untimely disclosed after the close of discovery. In that circumstance, the exhibits may be allowed if the proponent can show that the "failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, this is not exactly the circumstance where proffered evidence, *i.e.*, the deposition testimony on the omitted pages, was not disclosed prior to the close of discovery. Instead, Plaintiffs' counsel attended the depositions and apparently knew the contents or had access to the contents of the omitted deposition pages (docs. 57-1, Larsen deposition page 57, ll. 23 "Q. (By Mr. Fuquay)"; doc. 57-2, Bishop deposition page 30, ll. 1 "Mr. Fuquay: After it came out …").

Importantly, in their response, Plaintiffs pointed out the absence of only one deposition page, in a footnote, as follows:

> [Momentum Engineering] has failed to meet its initial burden of putting on evidence to establish an absence of genuine fact issues. The only evidence cited by [Momentum Engineering] is James Larsen's testimony cited as 'Ex. A' on p. 57.[1] The testimony found at the cited pages in Larsen's deposition involves [Momentum Engineering] not being involved in the purchase of the Uncle John. Even if that is true, it does not foreclose all possible ways that [Momentum Engineering] could be responsible for the wages that even Defendants agree are owed to Plaintiffs.
>
> [1] The passage referenced by Defendants is not actually part of Ex. A.

(Doc. 56, p. 2-3). Since Defendants' omission of the cited deposition pages appears to be nothing more than a clerical error, which did not prejudice or harm the Plaintiffs since their counsel knew the content of the deposition testimony, Plaintiffs' motionto strike is **DENIED**.

V. Conclusion

Upon consideration, and for the reasons set forth herein,

1) The motion for summary judgment is GRANTED in favor of Momentum Engineering, Inc. and Momentum GOM, Inc. as to the Claim for Unpaid Overtime (Count II). Accordingly, Count II is dismissed as to these Defendants;

2) The motion for summary judgment is GRANTED in favor of Momentum Engineering, Inc. as to the Claim for Earned Wages (Count I) and the Claim for Breach of Contract and Loss of Earnings (Count III); and

3) Plaintiffs' motion to strike is DENIED.

DONE and ORDERED this the 2nd day of May 2019.

           **/s/ Kristi K. DuBose**
           **KRISTI K. DuBOSE**
           **CHIEF UNITED STATES DISTRICT JUDGE**