# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JARED ALLEN, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 17-0222-KD-MU |
| | ) |
| UNCLE JOHN HOLDINGS, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This action is before the Court upon sua sponte review in preparation for the Final Pretrial Conference set for June 6, 2019. At present, this action is stayed as to Defendant Momentum GOM, Inc. pursuant to 11 U.S.C. § 362. Defendant Momentum Engineering, Inc. has been dismissed from this action. Plaintiffs filed their returns of service as to the remaining Defendants Uncle John Holdings, LLC and Blue Capital Pte Ltd. in June 2017 (doc. 7, doc. 8).

Pursuant to Civil Local Rule 41(b) for the Southern District of Alabama,

> Whenever a served Defendant has failed to answer or otherwise defend within six (6) months from the filing of the complaint and the Plaintiff has not sought default and default judgment, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law.

S.D. Ala. Civ. L.R. 41(b). Uncle John Holdings and Blue Capital have not answered or otherwise appeared. More than six months have passed since the complaint was filed in May 2017 and Plaintiffs have not sought default or default judgment (doc. 1).

Rule 41(b) of the Federal Rules of Civil Procedure sets forth the applicable law for dismissal for failure to prosecute. The Rules provides as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Although the Rule states that a defendant may move to dismiss, the Eleventh Circuit explained that a "district court may sua sponte dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket." Garrett v. Birmingham Police Dep't, - - - Fed. Appx.- - -, 2019 WL 1890527, at *1 (11th Cir. Apr. 29, 2019) (citing Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)).

Accordingly, t**he Final Pretrial Conference set for June 6, 2019 is cancelled. Plaintiffs** are **ORDERED** to **show cause** on or before **June 14, 2019**, why this Court should not dismiss this action without prejudice as to Defendants Uncle John Holdings, LLC and Blue Capital Pte Ltd for Plaintiffs' failure to prosecute.

This Order shall serve as "notice" to Plaintiffs as required by Civil Local Rule 41(b) that the Court intends to dismiss this action without prejudice as to Defendants Uncle John Holdings, LLC and Blue Capital Pte Ltd for failure to prosecute, in accordance with the Court's inherent authority to manage the cases on its docket and Fed. R. Civ. P. 41(b). See Link v. Wabash R. Co., 370 U.S. 626, 630-32, 82 S.Ct. 1386, 1389 (1962) (Finding that inherent power is "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases", rejecting the contention that Rule 41(b) "prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant", and interpreting Rule 41(b) not to restrict the court's inherent power to "dismiss *sua sponte* for lack of prosecution"); Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, (1991) (A district court has inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases."); Townsend v. Beck, 295 Fed. Appx. 950, 951-952 (11th Cir. 2008) (A "district court may act on its own motion to dismiss a claim under Rule 41(b)") (citing Link, 370 U.S. at 630))

DONE and ORDERED this 3rd day of June 2019.

    s/ Kristi K. DuBose
    KRISTI K. DuBOSE
    CHIEF UNITED STATES DISTRICT JUDGE