# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JARED ALLEN, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION NO. 17-0222-KD-MU |
| UNCLE JOHN HOLDINGS, LLC, et al., | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on Plaintiffs' response to show cause order (doc. 70). Previously, upon *sua sponte* review of this action, the Court found that Plaintiffs had filed returns of service as to Defendants Uncle John Holdings, LLC and Blue Capital Pte Ltd. in June 2017 (doc. 7, doc. 8) and that these defendants had not answered or otherwise appeared. The Court found that more than six months had passed since the complaint was filed in May 2017 and that Plaintiffs had not sought default and default judgment during that time. The Court informed Plaintiffs that pursuant to Civil Local Rule 41(b) for the Southern District of Alabama,

> Whenever a served Defendant has failed to answer or otherwise defend within six (6) months from the filing of the complaint and the Plaintiff has not sought default and default judgment, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law.

S.D. Ala. Civ. L.R. 41(b).

The Court also advised the Plaintiffs that Rule 41(b) of the Federal Rules of Civil Procedure sets forth the applicable law for dismissal for failure to prosecute. The Rule provides as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under

> this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Court further explained that although Rule 41(b) states that a defendant may move to dismiss, a "district court may sua sponte dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket." Garrett v. Birmingham Police Dep't, - - - Fed. Appx. - - -, 2019 WL 1890527, at *1 (11th Cir. Apr. 29, 2019) (citing Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)).

The Court then ordered Plaintiffs to show cause why this Court should not dismiss this action without prejudice as to Uncle John and Blue Capital on basis that Plaintiffs had failed to prosecute this action with respect to these defendants. The Court further explained that the show cause order would serve as notice to the Plaintiffs of the Court's intent to dismiss this action without prejudice as to Uncle John and Blue Capital for failure to prosecute, in accordance with the Court's inherent authority to manage the cases on its docket and Fed. R. Civ. P. 41(b).

Plaintiffs have now filed their response to the show cause order. Plaintiffs state that leading up to the final pretrial conference set for June 6, 2019, they began to prepare a motion for entry of default judgment and discovered that Uncle John and Blue Capital had been served with a copy of the complaint as evidenced by the postal return receipts but were not served with a summons because no summons was issued for them (doc. 70). Plaintiffs state that default judgment cannot be properly entered because service of process has not been perfected, i.e., service with a summons. Plaintiffs ask the Court to allow them to now serve Uncle John and Blue Capital with a summons because of "the unique situation surrounding the service of these two defendants and since both have been served with the complaint" (doc. 70, p. 2). Plaintiffs

2

assert that Uncle John and Blue Capital will not be prejudiced because they "had notice of this case since its inception." (Id.).

Plaintiffs did not respond to the Court's question. The Court asked the Plaintiffs to show cause why they had taken no action with respect to Uncle John and Blue Capital since June of 2017 when the postal return receipts were docketed. By Plaintiffs own admission, they did not begin to prepare an application for entry of default until recently. Regardless of whether Uncle John and Blue Capital were properly served in June 2017, Plaintiffs have done nothing with respect to these defendants for two years. Since no good cause for this delay has been shown, the Court is not inclined to issue summons now and restart this litigation, which is at its end point[1] according to the most recent Amended Rule 16(b) Scheduling Order.[2]

The Court finds that Plaintiffs' conduct does not rise to the level of willful contempt such that the sanction of dismissal with prejudice would be appropriate.[3] Arguably, Plaintiffs have engaged in a clear pattern of delay since they have done nothing for two years as to Blue Capital and Uncle John. However, Plaintiffs failure to prosecute appears to be the result of negligence[4]

---

[1] This action is at its final stages as to all defendants with the exception of Momentum GOM, LLC, as to which the action is stayed due to its bankruptcy.

[2] The Amended Rule 16(b) Scheduling Order set the final pretrial conference for June 6, 2019 and explained that "[t]his is a firm setting and the parties are expected to be ready for trial by the pretrial conference." (doc. 47, p.1). This date was made known to the parties on September 20, 2018 (doc. 47).

[3] The district courts "may only impose the 'extreme sanction' of dismissing a complaint with prejudice when '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Cordes v. Chipi, - - - Fed. Appx. - - -, 2019 WL 2151707, at *2 (11th Cir. May 16, 2019) (quoting Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005)).

[4] The Magistrate Judge held a scheduling conference in September 2017. Plaintiffs stated at that time that Uncle John and Blue Capital had not appeared and that they would have to move for default if they did not appear (doc. 18, sealed). In May 2018, the parties jointly moved to suspend the Rule 16(b) Scheduling Order deadlines. In that motion, they state that "[o]nly the

3

or mistake.[5]  Therefore, the Court finds that the lesser sanction of dismissal without prejudice is appropriate.

Accordingly, this action is **dismissed without prejudice** as to Uncle John and Blue Capital for failure to prosecute and failure to comply with the rules of this Court.

DONE and ORDERED this 20th day of June 2019.

                                        s/ Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

Momentum entities have filed responsive pleadings." (doc. 34, p. 1).  Thus, Plaintiffs were aware at that time that Uncle John and Blue Capital still had not appeared or filed responsive pleadings.

[5] Plaintiffs appear to have mistakenly thought that the postal return receipts were for a complaint sent without a summons (doc. 70).  The summons as to the other defendants were issued on June 16, 2017 (doc. 5).  The postal return receipts were stamped received on June 6, 2017 and June 9, 2017 (docs. 7, 8).  Thus, they could not have been for a complaint served after the summons were issued.  Careful review of the docket indicates that the postal return receipts likely confirmed receipt of the "Notice of Service of Lawsuit under FRCP Rule 4(d) which contained a Notice of Lawsuit and Request to Waive Service of Summons, Waiver of Service of Summons, and Notice of Duty to Avoid Unnecessary Expenses of Serving a Summons (doc. 3). This Notice was filed with the Court on May 17, 2017.  Blue Capital and Uncle John did not file a Waiver of Service of Summons.